(Supreme Court, Appellate Division, Second Department.   November 18, 1910.)

1. MASTER AND SERVANT (§ 129*)—INJURIES TO SERVANT—NEGLIGENCE—PROXI-
MATE CAUSE.

> Where a servant's fall from a ladder onto plaintiff was due to a latent
> defect in an anchor iron used to hold certain wires to a cross-bridge, and
> not to any defect in the wires, against which the ladder was placed, de-
> fendant's negligence in permitting the use of the ladders, and in failing
> to supply a platform for the work without using a ladder, and in permit-
> ting the ladders to be so placed that they would lean on the wires, afford-
> ed no ground of recovery.

> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–
> 263;  Dec. Dig. § 129.*]

2. MASTER AND SERVANT (§ 123*)—INJURIES TO SERVANT—NEGLIGENCE.

> Where plaintiff's injury was due to the breaking of an anchor iron due
> to a latent defect not discoverable by inspection, and it was admitted that
> defendant used every effort to get the best iron possible, and that it
> tested the iron in question, actionable negligence was not shown.

> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 233,
> 234;  Dec. Dig. § 123.*]

3. TRIAL (§ 165*)—NONSUIT—VERDICT.

> Where it was the court's duty to grant defendant's motion for a non-
> suit at the close of the evidence, such duty was none the less obligatory
> because the court delayed decision on the motion until the jury had
> passed on the issue sought to be raised.

> [Ed. Note.—For other cases, see Trial, Dec. Dig. § 165.*]

Appeal from Trial Term, Westchester County.

Action by James Gardner against the Westinghouse Electric &
Manufacturing Company.  From an order setting aside a verdict for
plaintiff and dismissing plaintiff's complaint, and from a judgment
thereon, plaintiff appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR,
RICH, and CARR, JJ.

Sydney A. Syme, for appellant.

Ambrose F. McCabe, for respondent.

WOODWARD, J.  The plaintiff, who brings this action to recover
for personal injuries alleged to have been caused through the negli-
gence of the defendant, was employed with others in painting the su-
perstructure erected by the defendant in electrically equipping the New
York terminal of the New York, New Haven & Hartford Railroad
Company at the Wakefield Junction on the 19th day of May, 1907.
The construction used at this point consisted of steel cross-bridges at
intervals of 300 feet, from which were suspended heavy cables, known
as messenger wires, which were suspended so that there was a drop
of several feet in the center, and from these messenger wires the trol-
ley feed wires were carried by arms at a practically uniform level
The work in progress at the time of the accident was the painting of
these messenger wires and the structure generally, and the method em-
ployed was to place a train of ordinary box cars under the structure

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon the railroad tracks, and by means of platforms and ladders the men climbed up and did their work, after which the train was moved to a new section. It appears from the evidence that at and near the center of each section the workmen could reach the structure from the car tops, while, as they neared the cross-bridges, they were obliged to use platforms of a temporary character or ladders. When ladders were used, two men were employed with each ladder—one to hold and steady the ladder and the other to climb up and do the painting. On the day of the accident the plaintiff took one of the ladders provided by the defendant and placed it against one of the wires composing the superstructure, and, acting as helper, took his place at the foot of the ladder, while another member of the painting crew climbed upon the same and began the work of painting. The work had been going on but a few moments, when the wire on which the ladder was leaning gave way, and the painter fell upon the plaintiff, producing injuries for which a jury has awarded him a verdict of $2,500. The learned court reserved, without objection or exception, the defendant's motion for a nonsuit at the close of the evidence, and submitted the case to the jury. A verdict for $2,500 being brought in, the court on motion of defendant set aside the verdict, and granted the motion previously made for a nonsuit. The plaintiff appeals from the order granting the motion, and from the judgment entered thereon.

The plaintiff's theory of the accident is that the defendant was negligent in not providing a car with a platform high enough to enable the painter to do this work without the use of a ladder, and that it was also negligent to permit placing the ladders so that they would lean upon the wires. The plaintiff offered no evidence to show that the method employed by the defendant was not reasonably safe, unless this fact was to be assumed from the mere fact of the happening of the accident. It was in evidence that each of the end cars in the train used were supplied with platforms of a more or less permanent character which were high enough to enable the painters to perform their work at and near the bridges, and there is no evidence that any one refused to permit the use of either or both of these cars at the point of the accident on the day in question. The defendant appears to have supplied platforms and ladders, and the employés seem to have been in the habit of choosing their own appliances out of the interior of the cars and placing them upon the cars and using them as best suited their own ideas as to the requirements. There is some suggestion that these ladders were taken from the car on the day of the accident under the directions of the defendant's superintendent (the action being brought under the employer's liability act [Consol. Laws, c. 31, §§ 200–204]), but it does not appear that the alleged superintendent directed that the ladders should be used at the point of the accident, or that he made any suggestions in reference to the matter, except that he called upon the crew generally to get out the appliances and to hurry up with the work.

But assuming that there was some such direction, and that some degree of negligence might be spelled out, the defendant took upon itself the obligation of explaining the accident, and its evidence stands undisputed that the accident was the result, not of any defect in the

ladder, not in any weakness in the wires which were used to support the ladder, but of a latent defect, which no amount of inspection would have discovered, in an anchor iron used to hold the wires to the cross-bridges; that the breaking of this anchor iron caused the entire super-structure in the section to fall, with the result that the plaintiff's fellow servant fell upon him, causing the injuries. It thus appeared beyond question that the proximate cause of the accident was not the use of the ladder, but the breaking of an anchor iron, designed to maintain the whole superstructure within the three hundred feet section, and which was entirely adequate for the purpose, except for the fact that it contained a latent defect, which no inspection would have disclosed. No negligence is suggested in this connection. It was stipulated in open court that the "Westinghouse Company used every effort to get the best iron possible, and that it did it in this case; that it properly tested this piece of iron when it went out of the place along with the others." This being so, and the proximate cause of the accident being the breaking of this iron, how is it to be said that the defendant neglected any duty which it owed to the plaintiff? The test is not whether the accident might not have happened if the defendant had used permanent platforms upon its cars for this work instead of ladders, but whether the defendant had neglected a duty. No matter how careless it might have been for the defendant to use ladders for this work, if the accident was not caused by and due to the use of a ladder, then there is no actionable negligence in this respect. The negligence, to be actionable, must be in relation to the matter causing the accident, and in this case the evidence is undisputed, not only that the accident was due to a latent defect in the anchor iron, but that there was no negligence in respect to such iron. Under such circumstances, it was the duty of the court to grant a nonsuit upon the defendant's motion, and this duty was none the less obligatory because the learned court delayed decision upon the motion until after the jury had passed upon the issue thus sought to be raised.

The order and judgment appealed from should be affirmed, with costs. All concur.