with the mother. Mildred, aged 6 or 7, was not sworn. The evidence satisfies me that the respondent's status and surroundings are not what they should be, in view of the fact that these young children are of tender years, with minds susceptible to improper influences. They are living in a rooming house, and have in the past moved from place to place many times. These three children, however, appear to be content, well clothed, and well nourished. Corporal punishment seems to be the rule; but the children who were sworn on behalf of respondent seem to be satisfied that the punishment, when administered, was deserved and not excessive. The conduct of the relator is criticised; but, while the criticism is in some respects just, it is not of a character to justify the court in making an order which might be construed as interfering with the judgment of the court of the state of Wyoming. The record here, however, might, with propriety, be presented to the Wyoming court, with a view to reforming the decree to fit present conditions.

It is unfortunate that this family of children should be broken up and the members of it separated; but separation seems inevitable, because the oldest child, having been barred from her mother's apartments, is supporting herself, and states that she does not desire to return to Wyoming, but is content to make her own way here, where she is employed. The disabled boy, Claude, is under the protection and care of his father. The youngest child, a girl of 6 or 7, should not at this time be taken from the custody of the mother.

The writ is therefore dismissed.

---

(78 Misc. Rep. 1.)

### LEHIGH & H. R. RY. CO. v. VILLAGE OF WARWICK.

(Supreme Court, Special Term, Orange County. October 17, 1912.)

INJUNCTION (§ 38*)—PRELIMINARY INJUNCTION—RAILROAD STATION GROUNDS —USE BY VILLAGE.

    Where plaintiff railroad company acquired certain land by deed requiring plaintiff to use it exclusively for railroad purposes, and since 1861 it had been used by plaintiff and its patrons in going to and from a station and freight buildings, such use by the public, together with the removal of a water trough and hydrant therefrom by the village, did not show a dedication of the land to public use, so as to deprive the railroad company of the right to a preliminary injunction restraining the village from further work on the land during the trial of the question of right on the merits.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 86–90; Dec. Dig. § 38.*]

Suit by the Lehigh & Hudson River Railway Company against the Village of Warwick. On motion for a preliminary injunction. Granted.

Agar, Ely & Fulton, of New York City, for plaintiff.
Kane & Stage, of Warwick, for defendant.

TOMPKINS, J. I think the motion for an injunction pendente lite should be granted, and the defendant restrained from any further

work upon the lands claimed to be owned by the plaintiff, until the trial and determination of the action upon the merits. The land in question was acquired by the plaintiff in 1861, by a deed which requires the plaintiff to use it exclusively for railroad purposes, and ever since it has been used by the plaintiff for general railroad purposes, and by the patrons of the plaintiff's railway, in going to and from the station and freight buildings, and incidentally by the general public. But such use of the railroad station grounds, permitted by the owner of the fee, cannot be construed as a dedication and acceptance of such lands as a village highway. In other words, by allowing the public to use the land in question as an approach to its station, the plaintiff did not relinquish its title thereto. Such use is permissive only. N. Y. Central R. R. Co. v. Village of Ossining, 141 App. Div. 765, 126 N. Y. Supp. 517; Concklin v. N. Y. Cent. & H. R. R. Co., 149 App. Div. 739, 134 N. Y. Supp. 191, and other cases.

It may be that, at the trial of this action, the defendant will prove facts showing a dedication to the public of the strip in question; but the facts presented on this motion, in respect to the removal of the water trough and hydrant, etc., are not sufficient, in my opinion, to establish an intention on plaintiff's part to entirely surrender its land to the village for public use.

Motion granted.